UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JERRY LEE JACKSON, III,

        Plaintiff,

v.                                                 Case No. 3:23-cv-652-BJD-JBT

SHERIFF JEFF MCDANIELS,
et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

    Plaintiff, an inmate at the Clay County Jail, initiated this case by filing a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1; Complaint). He also filed a request to proceed as a pauper (Docs. 2, 5) and a Motion for Appointment of Counsel (Doc. 6).

    In the Complaint, Plaintiff names as Defendants Sheriff Jeff McDaniels and Scott's Affordable Towing. He alleges that on October 21, 2020, the Clay County Police illegally searched his vehicle, and Scott's Towing illegally seized it. Plaintiff left blank the section of the Complaint form that asks what relief he seeks.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). As to whether a complaint "fails to state a claim on which relief may be granted," the language of the Prison Litigation Reform Act mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[1] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

2

a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not

required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto

counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[2] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Plaintiff's Complaint is due to be dismissed pursuant to this Court's screening obligation. First, Plaintiff cannot hold the Sheriff liable solely based on his supervisory position, because "[s]upervisory officials are not vicariously liable under section 1983 for the unconstitutional acts of their subordinates." Ingram v. Kubik, 30 F.4th 1241, 1254 (11th Cir. 2022); see Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Indeed, "[s]upervisory officials cannot be held vicariously liable under section 1983 for the actions of their subordinates unless the supervisor 'personally participates in the alleged unconstitutional conduct' or 'there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.'" Smith v. Deal, 760 F. App'x 972, 975 (11th Cir. 2019) (quoting Cottone, 326 F.3d at 1360).

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

> There are three ways to establish a causal connection between a supervisor's actions and the unlawful conduct: 1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so"; 2) "when a supervisor's custom or policy results in deliberate indifference to constitutional rights"; or 3) "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone, 326 F.3d at 1360 (citations and quotations omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quotations omitted). This "standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." Keith v. DeKalb Cnty., Ga., 749 F.3d 1034, 1048 (11th Cir. 2014).

Dickinson v. Cochran, 833 F. App'x 268, 272 (11th Cir. 2020). Plaintiff has not alleged that the Sheriff was personally involved in the search or seizure of his vehicle. Neither has Plaintiff alleged facts suggesting a sufficient causal connection between the Sheriff's actions and the alleged constitutional violations. Thus, his claims against the Sheriff are due to be dismissed.

Second, as to Scott's Affordable Towing, "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).

> The Supreme Court has identified three circumstances in which a private party becomes a state actor. <u>Charles v. Johnson</u>, 18 F.4th 686, 694 (11th Cir. 2021). The first (sometimes called the State compulsion test) is when "the State has coerced or at least significantly encouraged the action [of the private party] alleged to violate the Constitution." <u>Id.</u> The second is when "the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test')," <u>id.</u>, such that "the public character" of a defendant's function "requires that [the defendant] be treated as a public institution subject to the command[s] of the" Constitution, <u>Evans v. Newton</u>, 382 U.S. 296, 302 (1966). The third is when "the State ha[s] so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ('nexus/joint action test')." <u>Charles</u>, 18 F.4th at 694.

<u>Coleman v. Town of Brookside, Alabama</u>, No. 2:22-cv-423-AMM, 2023 WL 5767749, at *14 (N.D. Ala. Mar. 23, 2023) (internal citations modified). Plaintiff includes no factual allegations suggesting that the towing company was acting under color of state law. Indeed, Plaintiff merely concludes, without any supporting factual allegations, that "Scott's towing illegally seized [his] vehicle." Complaint at 4. The Complaint fails to state a claim against Scott's Affordable Towing.

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED without prejudice**.

7

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of October, 2023.

BRIAN J. DAVIS
United States District Judge

JAX-3 10/3
c:
Jerry Lee Jackson, III